UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT KANG,<br><br>    Petitioner,<br><br>v.<br><br>KAMALA D. HARRIS,<br><br>    Respondent. | Case No. 5:12-cv-02776-EJD<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Petitioner Robert Kang ("Kang") filed a petition for habeas corpus under 28 U.S.C. § 2254 (the "Petition") challenging a conviction and sentence imposed by San Francisco Superior Court in 2010. Respondent Kamala D. Harris, in her capacity as the California Attorney General (the "State"), moves to dismiss the Petition for lack of subject matter jurisdiction. See Docket Item No. 10. The State argues that Kang was not "in custody" at the time he filed the Petition. On this record, the must agree. Thus, the State's motion will be granted and the Petition will be dismissed for the reasons explained below.

**I.   BACKGROUND**

On October 1, 2009, Kang was charged with burglary, assault, unlawful driving or taking of a vehicle, possession of a controlled substance, and possession of a firearm by a felon. According to the Petition, Kang, while "enmeshed in the vortex of methamphetamine addiction . . . . engaged in an extensive and ongoing enterprise to steal vehicles from the Fillmore Center" in San Francisco. During one incident, Kang "maced" a security guard. After he was apprehended, authorities discovered methamphetamine and a revolver during a search of his vehicle.

1

Case No.: 5:12-cv-02776-EJD
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

1  On May 24, 2010, Kang pled guilty to one count of unlawful driving or take of a vehicle in violation of California Vehicle Code § 10851(a) and one count of possession of a firearm by a felon in violation of California Penal Code § 12021(a)(1). He was sentenced on June 14, 2010, to two 16-month concurrent terms of incarceration followed by a 48-month term of parole.

During the sentencing hearing, Kang's attorney mistakenly represented to the court that Kang was a United States citizen, and the probation report was corrected to reflect that statement. Counsel's representation seems to have been based on several facts about Kang's life. He "was born out of wedlock to a United States serviceman and an alien mother" and was ultimately adopted from Korea by another United States citizen. However, neither the status of his biological father nor that of his adoptive father was apparently sufficient to impart citizenship to Kang under immigration laws.

Removal proceedings were initiated against Kang upon his release from state custody. He petitioned the superior court for a writ of coram nobis and a writ of habeas corpus. Those petitions were denied on August 4, 2011, and November 10, 2011, respectively. Similar petitions made to the California Court of Appeal and California Supreme Court were denied on December 1, 2011, and May 16, 2012. The instant Petition followed on May 31, 2012.

**II.   DISCUSSION**

On the merits, Kang argues that his state trial counsel was ineffective for failing to identify and advise him of the immigration consequences that would ensue from his guilty plea. Citing Padilla v. Kentucky, 559 U.S. 356 (2010), Kang believes effective counsel would have negotiated a plea deal that was both satisfactory to the prosecution but at the same time precluded him from being deemed a deportable alien. In response, the State raises a procedural argument. It moves to dismiss the Petition because Kang is no longer in actual or constructive state custody.

It is well-settled that a habeas petitioner challenging a state conviction must be "in custody pursuant to the judgment of a State court" at the time the petition is filed. 28 U.S.C. § 2254(a). This "in custody" requirement is jurisdictional. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) ("Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question

2

Case No.: 5:12-cv-02776-EJD
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

we must consider.'"); Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005) (observing that the "'in custody' requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is 'under the conviction or sentence under attack at the time his petition is filed.'"). Thus, a failure to satisfy the "in custody" requirement requires the dismissal of a habeas petition. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) ("A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not 'in custody' for the purposes of this court's subject matter jurisdiction.").

Here, Kang does not directly claim in the Petition that he was in state custody or on parole at the time it was filed. But in his opposition to the State's motion, Kang indicates he was formally discharged from parole on March 25, 2012. Accordingly, it appears undisputed that Kang was not in custody pursuant to the state court judgment when this action was commenced on May 31, 2012.

In light of those circumstances, Kang argues for exceptions to the custody requirement. Importing equitable tolling principles that apply to a statute of limitations, Kang believes the court should "toll" the "in custody" requirement because he was on parole when he commenced the writ process in state court. In addition or as an alternative to that argument, Kang further contends that state trial counsel's misstatement about his citizenship status at the sentencing hearing was the "functional equivalent" of a complete failure to appoint counsel in violation of the right to counsel recognized in Gideon v. Wainwright, 372 U.S. 335 (1963).[1]

These arguments are unpersuasive. As to Kang's tolling request, the State points out that § 2254's statute of limitations is subject to equitable tolling because it is not jurisdictional. Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. ("AEDPA's statute of limitations is subject to equitable exceptions 'in appropriate cases' . . . . Because § 2244(d) is not jurisdictional, it is 'subject to a

---

[1] In Gideon, the United States Supreme Court held that "any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." 372 U.S. at 344.

'rebuttable presumption' in favor 'of equitable tolling.'"). In contrast, the "in custody" requirement is a jurisdictional prerequisite. Generally, jurisdictional requirements are not subject to equitable exceptions. See Bowles v. Russell, 551 U.S. 205, 214 (2007). As such, this court is unable to accept that Kang was in custody for the purposes of this Petition simply because he was in constructive custody at the time he commenced the writ process in state court. Other federal courts to have examined this issue have rejected similar arguments, and, like the petitioners in those cases, Kang has not cited authority holding otherwise or supporting the suggestion that an equal protection violation will result if tolling is not applied. See Kazyak v. Super. Ct., No. CV 14-3781 MWF (JCG), 2015 U.S. Dist. LEXIS 1675, at *1-2 (C.D. Cal. Jan 5, 2015) (citing Hensley v. Mun. Ct., 411 U.S. 345, 351 (1973); Dewald v. Wriggelsworth, No. 1:08-cv-906, 2012 U.S. Dist. LEXIS 110002, 2012 WL 3205859 (W.D. Mich. Aug. 7, 2012)).

With regard to the purported Gideon violation, the state court records reveal that Kang was not denied counsel during the criminal proceedings underlying this Petition. If anything, Kang's complaint about his state trial counsel's performance is more accurately classified as a potential claim for ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), rather than "a complete absence of counsel." Resendiz, 416 F.3d at 959. Kang therefore cannot rely on this exception to the custody requirement because it arises from a "failure to appoint counsel for an indigent defendant," not from appointed counsel's deficient performance. Custis v. United States, 511 U.S. 485, 494 (1994).

Kang finally requests the court construe this Petition was one for a writ of error coram nobis. But as he concedes in sur-reply, a petition for a writ of coram nobis "lies only to challenge errors occurring in the same court." Hensley v. Mun. Ct., 453 F.2d 1252, 1252 n.2 (9th Cir. 1972), rev'd on other grounds, 411 U.S. 345 (1973). That form of writ relief cannot be utilized in federal court to challenge purported errors that occurred during proceedings before the state court.

In sum, the court concludes it lacks subject matter over Kang's § 2254 Petition because he was not "in custody" pursuant to a state court judgment when it was filed. For that reason, the Petition must be dismissed.

4

Case No.: 5:12-cv-02776-EJD
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

**III.     ORDER**

Based on the foregoing, the State's Motion to Dismiss (Docket Item No. 5) is GRANTED. The Petition is DISMISSED for lack of subject matter jurisdiction.

A certificate of appealability will not issue because the court finds that "jurists or reason" could not find debatable either that Kang was not in custody when he filed the § 2254 petition, or that this requirement was not somehow excused.  See Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Judgment will be entered in favor of the State and the Clerk shall close this file.  The hearing scheduled for November 19, 2015, is VACATED.

**IT IS SO ORDERED.**

Dated:  November 16, 2015



EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:12-cv-02776-EJD
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS